UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE HEARN,

        Plaintiff,                 Case No.  11-15221
                                                   Honorable David M. Lawson

v.

COUNTY OF WAYNE and DEBORAH BLAIR,

        Defendants.
_____/

## ORDER DENYING DEFENDANT BLAIR'S MOTION TO DISMISS

On November 28, 2011, the plaintiff filed a complaint against the defendants, Wayne County and Deborah Blair. The plaintiff's complaint states six claims against defendant Wayne County: that she was discriminated against on account of her race in violation of Title VII of the Civil Rights Act ("Title VII"), that she was subjected to age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), that she was retaliated against for filing a charge with the Equal Employment Opportunity Commission ("EEOC") in violation of Title VII and the ADEA, that she was subjected to a hostile work environment in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), that she was retaliated against in violation of the ELCRA for filing her EEOC charge, and that she was retaliated against for her union activity in violation of the National Labor Relations Act.

The sole claim in the complaint against defendant Deborah Blair is a state law defamation claim. The plaintiff alleges that during a reprimand meeting taking place on January 18, 2011, defendant Blair made a defamatory statement in the hearing of two persons. Specifically, the plaintiff alleges that the defendant said that the plaintiff could not be trusted with checks and that she would take Wayne County checks to the casino. The plaintiff alleges that defendant Blair made

these statements knowing that they were false or with reckless disregard for their truth or falsity, and that she was acting outside of the scope of her employment in making the statements.

On February 29, 2012, defendant Blair filed a motion to dismiss in lieu of an answer to the plaintiff's complaint. In her motion, defendant Blair argues that she is entitled to governmental immunity, that her statements were made under a qualified privilege, and that the Court should decline to exercise supplemental jurisdiction over the plaintiff's state law defamation claim. Defendant Blair presents an affidavit in support of her motion.

The Court has reviewed the pleadings and motion papers and finds that the papers adequately set forth the relevant facts and law and oral argument will not aid in the disposition of the motion. Therefore, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2).

The Court has considered the pleadings and the documents submitted by defendant Blair, and determines that dismissal of the plaintiff's defamation claim against defendant Blair is not appropriate.

I.

Motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure. Rule 12(b)(1) allows dismissal of a claim based on the lack of subject-matter jurisdiction. As the party seeking to invoke this Court's jurisdiction, the burden is on the plaintiffs to establish standing. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). There are two types of challenges to subject matter jurisdiction that can be raised by a motion to dismiss under Fed. R. Civ. P. 12(b)(1): facial attacks or factual attacks. *Gentek Bldg Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007). In a facial attack on the subject matter jurisdiction, the district court accepts

the parties' allegations as true, similar to the standard employed in motions under Rule 12(b)(6). *Ibid.* In factual attacks, on the other hand, the court does not defer to the parties' allegations in the pleadings, but weighs conflicting evidence (including affidavits, documents, and jurisdiction-related evidentiary hearings) to decide whether jurisdiction exists. *Ibid.* (citing *Ohio Nat'l Life Ins. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). The present motion attacks the claim of jurisdiction on its face.

Rule 12 (b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid.* "To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010).

Under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by the reviewing court but conclusions need not be unless they are plausibly supported by the pleaded facts. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded. *Iqbal*, 129 S.Ct. at 1951 (quoting *Twombly*, 550 U.S. at 555). However, as long as a court can "'draw the reasonable inference that the defendant is liable for the misconduct alleged,' a plaintiff's claims must survive a motion to dismiss." *Fabian*, 628 F.3d at 281 (quoting *Iqbal*, 129 S.Ct. at 1949).

Defendant Blair argues that she is entitled to governmental immunity for the statements identified in the complaint because she is a high-level executive official with broad discretion and authority. The defendant contends that governmental immunity from all tort claims under Michigan law extends to high executive officials that exercise broad jurisdiction and authority and that the defendant is such an official. The defendant is described in the complaint as a staff attorney, and the complaint does not give a description of the defendant's duties. The defendant's argument rests, therefore, on statements in the defendant's affidavit describing her position and its attendant discretion and responsibilities. However, a motion to dismiss under Rule 12(b)(6) is confined to a consideration of the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). "[A] court may accept 'matters outside the pleadings,' but in doing so it generally must treat the motion 'as one for summary judgment under Rule 56.'" *Ibid.* (citing Fed. R. Civ. P. 12(d)). Rule 12 also provides that before accepting extraneous evidence and converting a motion to dismiss into one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Court believes that converting the

present motion into one for summary judgment would be unwise because the parties have not commenced discovery and have not had a reasonable opportunity to obtain, much less present, all the material that may be pertinent to the defendants' motion. A Court should not rush to summary judgment before a party has an opportunity to engage in discovery. *See Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011). Therefore, the Court will not convert the motion to dismiss to a summary judgment motion, and the Court will disregard the affidavit supplied by the defendant. Without the affidavit describing the defendant's position and responsibilities, the Court cannot conclude that the defendant has established an entitlement to governmental immunity that would justify granting her motion to dismiss.

Defendant Blair next argues that her statements were made under qualified privilege. The defendant's reasoning is as follows: the plaintiff states in her complaint that besides the plaintiff and defendant Blair, four people were present at the January 18, 2011 meeting. Those four people included two management employees who were the plaintiff's direct supervisors and two union representatives. The plaintiff states in the complaint that the defendant made her allegedly defamatory statements in front of two people; those two people must either have been the plaintiff's supervisors or her union representatives. If they were the plaintiff's union representatives, the defendant, citing *Merritt v. Detroit Memorial Hospital*, 81 Mich. App. 279, 286, 265 N.2d 124, 127 (1978), argues that the statements were absolutely privileged, as the union representatives were acting as the plaintiff's agent and the plaintiff therefore consented to the defendant's communication. If they were the plaintiff's supervisors, the defendant argues, again citing *Merritt*, the statements were qualifiedly privileged. The defendant then states that the plaintiff cannot overcome that qualified privilege because she cannot prove with admissible evidence that the

defendant made the statement with actual malice, and the plaintiff's general allegations of malice do not establish a genuine issue of material fact.

Even assuming, for the purposes of argument, that the defendant's contention that the statements are entitled to either qualified or absolute privilege is correct, the Court cannot grant the defendant's motion to dismiss on that basis. The defendant misstates the plaintiff's burden at the motion to dismiss stage. The plaintiff need not demonstrate, at least for now, that a genuine issue of material fact exists as to the defendant's alleged malice. The plaintiff has alleged that the defendant knew that the statements were false when they were made or that she acted with reckless disregard of their truth or falsity. At this stage, the Court must accept that factual allegation as true. *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The allegations are plausible, and the Court cannot conclude that the plaintiff can prove no set of facts that would allow the plaintiff to overcome qualified privilege and entitle her to relief. Therefore, the Court cannot conclude as a matter of law that the defendant's statements were privileged.

Finally, the defendant argues that the alleged statements were not transactionally related to or did not form part of the same case or controversy as the plaintiff's federal employment law claims, and therefore the Court should decline to exercise supplemental jurisdiction over the plaintiff's state law defamation claim. In a civil action where a federal court has original jurisdiction, that court has broad discretion to exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also Gamel v. City of Cincinnati*, 625 F.3d 949, 950 (6th Cir. 2010). A claim forms part of the same case or controversy where it "derive[s] from a common nucleus of operative facts." *Harper*

*v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (internal citation and quotation marks omitted). A district court also has discretion to "decline to exercise supplemental jurisdiction." 28 U.S.C. § 1367(c). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel*, 625 F.3d at 951 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 u.S. 343, 350 (1988)). A district court may also consider whether the plaintiff has "engaged in any manipulative tactics . . . [or] attempted to manipulate the form." *Id*. at 952.

The defendant argues that because the plaintiff alleges in her complaint that the defendant's statements were made when the defendant was acting outside the scope of her employment, the plaintiff's claim for defamation cannot be related to her federal employment law claims. The Court cannot agree. The plaintiff alleges in her complaint that the defendant's allegedly defamatory statements were made during the course of a reprimand meeting that was itself part of a pattern of retaliation and discrimination against the plaintiff. The allegedly defamatory statements, were, therefore, a part of the series of discriminatory and retaliatory incidents that form the basis of the plaintiff's federal employment law claims.

Nor do the values of judicial economy, convenience, fairness and comity mandate dismissal of the plaintiff's defamation claim. Unlike many cases in which courts have declined to retain jurisdiction over state law claims, the Court has not dismissed the plaintiff's federal law claims. *See* 28 U.S.C. § 1367(c)(3); *Gamel*, 625 F.3d at 952 (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244-1254-55 (6th Cir. 1996)); *Mason and Dixon Lines, Inc. v. Steudle*, 761 F. Supp. 2d 611, 628 (E.D. Mich. 2011). Nor does the state law claim predominate over the federal law clams or raise a novel or complex issue of state law. *See* 28 U.S.C. § 1367(c)(1), (2); *see also Runkle v.*

*Fleming*, 435 Fed. App'x 483, 486 (6th Cir. 2011) (finding that a court was within its discretion to decline to exercise supplemental jurisdiction where the claim raised complex state law issues). There is nothing to suggest that the plaintiff has engaged in manipulative tactics to obtain a federal forum; the majority of the plaintiff's claims arise under federal law. Evidence as to the January 18, 2011 reprimand meeting likely will be relevant for both the plaintiff's federal and state law claims. Finally, defendant Blair has provided no argument demonstrating how the factors weigh in favor of dismissing the plaintiff's state law claim. The Court finds that the exercise of supplemental jurisdiction over the plaintiff's claim of defamation against defendant Blair is proper.

II.

The Court finds that the arguments in defendant Blair's motion to dismiss do not justify the dismissal of the plaintiff's defamation claim against defendant Blair.

Accordingly, it is **ORDERED** that defendant Blair's motion to dismiss [dkt. # 10] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 12, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 12, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---